NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230865-U

NO. 4-23-0865

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 29, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Henry County |
| STEVEN D. WALKER, | ) | No. 23CF292 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Colby G. Hathaway, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Presiding Justice DeArmond and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The circuit court did not abuse its discretion by denying defendant pretrial release.

¶ 2    On September 21, 2023, the Henry County circuit court entered an order detaining defendant, Steven D. Walker, pursuant to the dangerousness standard found in section 110-6.1 of the Code of Criminal Procedure of 1963 (Procedure Code) as amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan. 1, 2023) (725 ILCS 5/110-6.1 (West 2022)), commonly known as the Pretrial Fairness Act. Defendant appeals, arguing this court should overturn the circuit court's decision because (1) the State failed to prove he poses a real and present threat to the safety of any person or persons or the community and (2) the court erred in determining no condition or combination of conditions would reasonably ensure his appearance for a later hearing or prevent him from being charged with a subsequent felony or Class A misdemeanor. We affirm the circuit court's decision denying defendant pretrial release.

¶ 3                                   I. BACKGROUND

¶ 4          On September 20, 2023, the State charged defendant by information with violation of an order of protection (720 ILCS 5/12-3.4(a)(1) (West 2022)) and driving while license revoked (625 ILCS 5/6-303(a), (d-3) (West 2022)). According to the charging instrument, defendant was served with an order of protection in Henry County case No. 23-OP-152, under which H.P. was a protected party, and then knowingly violated the order of protection by having contact with H.P. The information also alleged defendant had previously been convicted of domestic battery in Henry County case No. 11-CM-513.

¶ 5          The State filed a verified petition to deny defendant pretrial release on September 20, 2023. The State indicated defendant was charged with violating an order of protection and his pretrial release posed a real and present threat to the safety of a person or persons or the community (725 ILCS 5/110-6.1(a)(3) (West 2022)). The State's petition provided the following factual basis to support detaining defendant. A police officer conducting a traffic stop identified defendant as the driver of the vehicle he stopped and H.P. as a passenger. Defendant was driving the vehicle on a revoked driver's license, which he had done on at least four prior occasions. According to the State's petition, when the order of protection was served on defendant, defendant said he would have his sister "beat up" H.P. when the order of protection expired.

¶ 6          At the detention hearing on September 20, 2023, the State provided the circuit court with information consistent with the verified petition to deny defendant pretrial release. In addition, the State indicated defendant had a pending battery charge in Henry County and a 2018 conviction for aggravated battery in a public place. The State argued the information before the court showed defendant was not concerned with the law and would not comply with the law. The State also indicated it was concerned defendant would not appear at upcoming court dates because

he did not have a driver's license.

¶ 7          In addition, according to the State's proffer, when the arresting officer stopped defendant for the traffic violation, defendant failed to correctly identify himself, did not comply with the officer's commands, and exhibited furtive movements throughout the stop. After the officer removed defendant from the vehicle, defendant put his hand behind his back and began reaching toward his waistline until the officer "went hands-on with him and told him to stop." The officer later identified H.P. as the passenger in the vehicle. After confirming defendant's identity, the officer confirmed that defendant's driver's license was revoked. The State also indicated defendant had been served with the order of protection on September 7, 2023.

¶ 8          Defense counsel argued defendant had reliable transportation from his "Grandma Annie" and the Henry County public transportation system to get to court. Further, defense counsel noted defendant's sister had not harmed H.P. and was not an immediate threat to her. According to defense counsel, if the court established conditions requiring defendant to not have contact with H.P., the court could mitigate any threat defendant posed to H.P. Defense counsel also argued defendant was not with H.P. but was just driving H.P.'s car. Finally, defense counsel argued the State had not proffered any evidence H.P. had been harmed at any time.

¶ 9          The circuit court indicated it had considered the proffered evidence, the pretrial investigation report, defendant's criminal history, and defendant's score of "8" out of 14 on the Virginia Pretrial Risk Assessment. The court also noted defendant had been found with H.P., who was the protected party in the active order of protection. In addition, the court noted defendant had a history of violence, including prior convictions for domestic battery and attempt aggravated battery. Defendant was also out on bond for a battery charge. With regard to possible conditions it could impose on defendant to mitigate his dangerous behavior, the court stated the condition it

would like to impose, which would be to require defendant not to have contact with H.P., would be futile based on defendant's history. As a result, the court found the risk to H.P. could not be mitigated by conditions imposed on defendant.

¶ 10　　　　In the circuit court's written order, it found the State charged defendant with a detention-eligible offense and the proof was evident or the presumption great that defendant had committed the detention-eligible offense. The court also found the State presented clear and convincing evidence defendant posed a real and present threat to the safety of any person or persons or the community based on the specific articulable facts of this case and no condition or combination of conditions could mitigate the real and present threat defendant's release would cause. Pursuant to section 110-6.1(h)(1) of the Procedure Code (725 ILCS 5/110-6.1(h)(1) (West 2022)), the court found less restrictive conditions could not assure H.P.'s safety because of defendant's history of disregarding court orders. As additional reasons for denying defendant pretrial release, the court pointed to defendant's prior convictions for violent offenses, a pending battery charge, and his significant criminal record.

¶ 11　　　　On September 22, 2023, defense counsel filed a timely notice of appeal pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Sep. 18, 2023). The circuit court appointed the Office of the State Appellate Defender (OSAD) to represent defendant on appeal.

¶ 12　　　　　　　　　　　　　　　II. ANALYSIS

¶ 13　　　　According to defendant's amended notice of appeal, the State failed to meet its burden of proving by clear and convincing evidence that defendant posed a real and present threat to the safety of any person or persons or the community based on the facts in this case. According to defendant:

　　　　　　　"The Defendant was served a short-form notice of the [order of protection

] on 9/7/2023. At which time he stated he would have his sister 'beat up' the object of the OP when the OP was over. Defendant was pulled over while driving the vehicle of the object of the OP in a location not near either of their residences. At the time of the stop and arrest there was no indication that any harm had come to the object of the OP. At no point between the issuance of the OP and the present has the Defendant's sister approached or caused harm to the object of the OP."

¶ 14   Defendant also argued the circuit court erred by determining no condition or combination of conditions would reasonably ensure defendant's appearance for later court hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. Defendant's explanation as to how the circuit court erred is limited to the following sentence: "Defendant would be subject to incarceration if he were to violate the OP or a pre-trial release condition."

¶ 15   On October 20, 2023, OSAD filed a notice with this court indicating it was not filing a Rule 604(h) memorandum. As a result, we examine the arguments presented in defendant's amended notice of appeal.

¶ 16   When reviewing a circuit court's pretrial detention decision, we apply an abuse of discretion standard of review. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11. A circuit court abuses its discretion when its decision is "arbitrary, fanciful or unreasonable, or where no reasonable person would agree with the position adopted by the [circuit] court." (Internal quotation marks omitted.) *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 17   Based on the facts in this case, the circuit court did not abuse its discretion in denying defendant pretrial release. Defendant ignores the proffered fact he was with H.P. when he was arrested in this case after having been served with an order of protection for H.P. Based on

defendant's history of violence and the fact one of his current charges was for violating an order of protection, defendant's arguments the circuit court abused its discretion by denying defendant pretrial release because he was not a threat and because the court could have imposed conditions to mitigate the threat are meritless.

¶ 18                                    III. CONCLUSION

¶ 19          For the reasons stated, we affirm the Henry County circuit court's judgment and remand the case for further proceedings.

¶ 20          Affirmed; cause remanded.